# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Plaintiff,

vs.                                                                                          Civil No. 03-1088 WPJ/LFG

MARQUITA SMITH, JULIAN SMITH and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, BLOOMINGTON, ILLINOIS,

    Defendants.

## MEMORANDUM, OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND, AND DISMISSING CASE

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint, filed September 14, 2004 **(Doc. 22)**, and on the matter of whether this Court has subject matter jurisdiction over this action. The underlying case was filed in federal court on the basis of diversity jurisdiction. Hartford Insurance Company of the Midwest ("Hartford") seeks a declaratory judgment on the existence and extent of underinsured motorist coverage for its insured, a passenger injured in a car accident. Both parties have filed summary judgment motions on the merits of the case. See Docs. 7 & 11. On September 9, 2004, the Court expressed a concern regarding whether the matter in controversy meets the jurisdictional requirements for diversity jurisdiction, and required parties to submit supplemental briefs on the issue. See Doc. 20. Plaintiff has submitted a trial brief on the issue, as well as a motion to amend the complaint. See, Docs. 22 & 24. Defendant has not submitted any supplemental brief by the imposed deadline.

**Background**[1]

On March 15, 1998, Marquita Smith ("Smith") was a passenger in Donna Neubeck's automobile when it was struck by another car driven by Anthony Chavez ("Chavez"). Smith was injured as a result of the accident, which occurred in Albuquerque, New Mexico. Her personal automobile insurance carrier is Hartford Insurance Company of the Midwest ("Hartford"), the Plaintiff in this lawsuit. State Farm Mutual Automobile Insurance Company ("State Farm") insured Donna Neubeck ("Neubeck"). The Smith/Hartford policy in effect at the time of the accident had a stacked uninsured / underinsured ("UM"/ "UIM") coverage limit of $200,000.00 per person. The Neubeck/State Farm policy in effect provided UM/UIM coverage with limits of $25,000.00 per person. The vehicle belonging to Chavez, the purported tortfeasor, was also insured under a State Farm policy that provided bodily injury coverage with limits of $25,000.00 per person.

According to the complaint, Smith settled her liability claim against Chavez and State Farm for the full limits of Chavez' liability coverage, i.e., $25,000.00, without notifying Hartford or obtaining Hartford's consent before finalizing the settlement. Plaintiff contends that this failure constituted a breach of a condition subsequent for coverage under the Hartford Policy. Complaint, ¶¶ 20-23. Smith was informed through her attorney that she would have to first pursue primary UIM coverage under the State Farm Policy before seeking benefits under Hartford's excess, secondary UIM coverage. State Farm refused to provide primary UIM coverage, taking the position that Chavez was not underinsured because Neubeck's $25,000.00

---

[1] The following facts are taken from the parties' undisputed statement of facts in their summary judgment motions, or where noted, from the complaint.

UIM limits were equal to and offset by Chavez' liability limits.

## Discussion

The rule governing dismissal for want of diversity jurisdiction in federal court is that, unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith. St. Paul Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Id.; Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1339 (10th Cir. 1998). The burden is on the party asserting jurisdiction – in this case, Hartford – to show it is not a legal certainty that the claim is less than the jurisdictional amount. Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179 (10th Cir. 2000). Because the federal courts are courts of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974). In a declaratory judgment action, the amount in controversy is measured by the value of the object of the litigation. City of Moore, Okl. v. Atchison, Topeka, & Santa Fe Ry. Co., 699 F.2d 507, 510 (10th Cir. 1983) (citing Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977)).

**I.  Whether Amount in Controversy Requirement is Met**

In the proposed amended complaint, Plaintiff Hartford explains that in addition to a demand for $25,000.00 from State Farm, Smith had also made a separate demand in the amount of $75,000.00 in damages under the UIM policy of her own carrier (Hartford). Doc. 22, Ex. A, ¶ 13. Thus, Hartford contends, the combined amounts equal $100,000.00, well over the $75,000.00 jurisdictional amount. However, Smith's separate demand from her own carrier is not at issue in this case. Despite the additional factual language in the proposed amended complaint,

3

Plaintiff seeks the exact same relief in both the original and proposed amended complaint, i.e., a declaration that State Farm must provide primary UIM coverage prior to Smith's receiving any benefits from Hartford as an excess carrier.  Proposed Amended Compl., ¶ 25.  Whether Hartford has to pay, or how much, is contingent on whether Smith can collect $25,000.00 in UIM benefits under Neubeck's State Farm policy.  ¶ 24.  In other words, the amount in controversy is not the $75,000.00 amount which Smith demanded from Hartford, but rather the $25,000.00 which State Farm refuses to pay Smith, and which State Farm seeks to offset against by the liability payment she already received from the tortfeasor.  This appraisal is consistent with the thrust of the arguments contained in Plaintiff's own summary judgment motion, arguing that Smith's benefits under her Hartford policy is limited to excess coverage, and that Smith's Class I coverage under the Hartford policy is entitled to an offset of $25,000.00 from the State Farm UIM policy.  Doc. 11, at 8.

The maximum limit that Smith can receive (and that Hartford would be entitled to as an offset) under the State Farm policy is $25,000.00.  See, Farmers Ins. Co. v. McClain, 603 F.2d 821, 823 (10th Cir.1979) (amount in controversy is measured by the injured third party's bona fide claim against the insured, unless this exceeds the maximum limit of the policy).  Thus, the additional language included in the proposed amended complaint does not, in the end, affect the jurisdictional amount.  Plaintiff has not satisfied its burden of showing, under the St Paul Mercury standard, that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount.  Dismissal of the case is justified based on lack of subject matter jurisdiction.

**II.     Plaintiff's Motion to Amend**

Under Rule 15 of the Federal Rules of Civil Procedure, requests for leave to amend pleadings should be liberally granted.   However, such requests may be denied when the amendment is untimely or when the amendment would be futile.  <u>Bauchman v. West High School</u>, 132 F.3d 542, 559 (10th Cir. 1997);  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (Court need not grant leave if amendment would be futile).  In light of my finding that Plaintiff's proposed amended complaint does not satisfy the amount in controversy requirement for federal jurisdiction, it would be futile to grant the motion.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint **(Doc. 22)** is hereby DENIED for reasons set forth above;

**IT IS FURTHER ORDERED** that this case is DISMISSED in its entirety based on lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE